UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE PORTILLO, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>NEBULA GENOMICS, INC., a Delaware Corporation, META PLATFORMS, INC., a Delaware Corporation, MICROSOFT CORPORATION, a Washington Corporation, and GOOGLE LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. 24-cv-9894<br><br>District Judge Jeffrey I. Cummings |

## META PLATFORMS, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF IN EXCESS OF PAGE LIMIT

Pursuant to L.R. 7.1, Defendant Meta Platforms, Inc. ("Meta") respectfully requests that the Court grant it leave to file a Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Class Action Complaint of 18 pages in length. In support, Meta states as follows:

1. The deadline for Meta to answer or otherwise respond to the Complaint falls on January 7, 2025. Meta intends to move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

2. The Complaint asserts a common law unjust enrichment claim against Meta, but does not specify which state's law governs that claim.

3. The Complaint alleges that another Defendant, Nebula Genomics, Inc. ("Nebula"), violated Illinois law by allegedly disclosing her information in violation of the Illinois Genetic Information Privacy Act ("GIPA"), 410 ILCS 513/1 *et seq*. This suggests that Plaintiff may

believe that Illinois law governs all her claims, including the unjust enrichment claim against Meta. Illinois law may therefore apply to Plaintiff's claim against Meta.

4. But Plaintiff also alleges that she was a Facebook user during the relevant time period. As a Facebook user, Plaintiff must assent to Meta's Terms of Service, which specify that California law will govern all claims "arising out of or related to" Meta's Terms. Meta's Terms and linked policies disclose that Meta may receive, through cookies and its Pixel, users' off-Facebook activity, and use it for advertising purposes—the acts upon which Plaintiff bases her unjust enrichment claim against Meta. California law may therefore apply to Plaintiff's claim against Meta.

5. An additional three pages are required to allow Meta to meaningfully defend against the Complaint because two sets of state law—Illinois's and California's—may apply to Plaintiff's claim against Meta, and Meta must therefore argue for its dismissal under both.

6. Accordingly, to prepare a meaningful submission that adequately sets forth the applicable law and to properly address the multiple grounds that Meta has for relief under Rule 12(b)(6), Meta respectfully requests relief from the 15 page limit mandated by L.R. 7.1 and seeks leave to file a memorandum in total number of 18 pages, exclusive of a Caption, Table of Contents, Table of Authorities, Signatures of Counsel, and Certificate of Service.

7. Meta has conferred with counsel for the Plaintiff, and they do not oppose the requested relief.

WHEREFORE, Defendant Meta respectfully requests that the Court enter an Order granting it leave to file an oversized, 18-page brief in support of its Motion to Dismiss Plaintiff's Class Action Complaint.

Dated: December 20, 2024          Respectfully Submitted,

By /s/ *Gary Feinerman*
    Gary Feinerman (IL 6206906)
    LATHAM & WATKINS LLP
    330 North Wabash Avenue, Suite 2800
    Chicago, IL 60611
    Telephone: 312-876-7700
    gary.feinerman@lw.com

## CERTIFICATE OF SERVICE

I, Gary Feinerman, hereby certify that on December 20, 2024, I caused a copy of the foregoing to be filed using the Court's CM/ECF system, which provides service to all counsel of record.

Dated: December 20, 2024          /s/ *Gary Feinerman*
    Gary Feinerman (IL 6206906)
    LATHAM & WATKINS LLP
    330 North Wabash Avenue, Suite 2800
    Chicago, IL 60611
    Telephone: 312-876-7700
    gary.feinerman@lw.com