IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE PORTILLO, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>vs.<br><br>NEBULA GENOMICS, INC., a Delaware Corporation, META PLATFORMS, INC., a Delaware Corporation, MICROSOFT CORPORATION, a Washington Corporation, and GOOGLE LLC, a Delaware Limited Liability Company,<br><br>    Defendants. | Case No. 24-cv-9894<br><br>District Judge Jeffrey I. Cummings |

**DEFENDANT META PLATFORMS, INC.'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Federal Rule of Evidence 201, Defendant Meta Platforms, Inc. ("Meta") respectfully requests that this Court consider Exhibits 1-19 to the Declaration of Catherine A. Rizzoni in Support of Meta's Motion to Dismiss, filed concurrently herewith, in connection with Meta's Motion to Dismiss.

**I.    LEGAL STANDARD**

On a motion to dismiss, this Court may consider "documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

Evidence Rule 201 allows this Court to take judicial notice of "a fact that is not subject to reasonable dispute" that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). This Court "may take judicial notice on its own" and "must take judicial notice if a party requests it and the court is supplied with the

necessary information." Fed. R. Evid. 201(c). "Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) (citation omitted). Exhibits 1-19 are publicly available webpages from the websites of Meta and Defendant Nebula Genomics, Inc. ("Nebula"). Courts regularly take judicial notice of the existence and content of such publicly available webpages. *See, e.g.*, *Stuve v. Kraft Heinz Co.*, 2023 WL 184235, at *3 n.4 (N.D. Ill. Jan. 12, 2023) (taking judicial notice of webpages from defendant Kraft's website); *Gardener v. MeTV*, 681 F. Supp. 3d 864, 867 n.2 (N.D. Ill. 2023) (taking judicial notice of contents of defendant MeTV's webpages).

In addition, the incorporation-by-reference doctrine allows this Court to consider documents outside of the pleadings without converting a motion to dismiss into a summary judgment motion. *See Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 663 (7th Cir. 2022). Documents are incorporated by reference "if they are referred to in the plaintiff's complaint and are central to his claim." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (citation omitted). The doctrine's purpose is to "prevent[] a plaintiff from avoiding dismissal by omitting facts or documents that undermine his case." *Gannett*, 46 F.4th at 663. As such, courts also incorporate by reference materials on a webpage that is already incorporated into the complaint. *See Sanchez v. Walmart Inc.*, 733 F. Supp. 3d 653, 661 (N.D. Ill. 2024) (incorporating by reference Walmart's "Sustainability" policy linked on the label of relevant products' packaging).

II. ARGUMENT

    A. The Court May Take Judicial Notice Of The Exhibits

The existence and content of the Exhibits are judicially noticeable because they are publicly available webpages that are "not subject to reasonable dispute" and whose contents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Fed. R. Evid. 201(b).  In particular, Meta respectfully requests this Court to take judicial notice of the existence of the terms and policies of Meta and Nebula—which are set forth on the above-referenced webpages—during the time period Plaintiff alleges that she used Nebula's services and Facebook and the content of those terms and policies.

Courts routinely take judicial notice of the existence of publicly available webpages and their contents, including terms of use and company policies.  *See Sroga v. Laboda*, 748 F. App'x 77, 78 n.1 (7th Cir. 2019) (taking judicial notice of terms and conditions because it "is a public document that is posted on the … website, and it was last updated in 2012, thus governing [plaintiff's] purchases in 2014"); *Sanchez*, 2024 WL 2132426, at *2 (taking judicial notice of Walmart's "Sustainability" policy webpage).  And courts take judicial notice of previous versions of websites archived by the Wayback Machine, as those prior versions "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Hepp v. Ultra Green Energy Servs., LLC*, 2016 WL 1073070, at *2 n.1 (N.D. Ill. Mar. 18, 2016).

The Court should do the same here.  Exhibits 1-19 are publicly available webpages.  Their existence and content are not subject to reasonable dispute and their contents can be accurately and readily determined.  Thus, the Exhibits are appropriately subject to judicial notice.

**B.    The Court May Also Consider Exhibits 13-14 And 18-19 Because They Are Incorporated By Reference Into The Complaint**

Exhibit 19 is Nebula's sign-up page, which the Complaint refers to and mentions multiple times.  *See* Dkt. 1 ¶ 50 ("a user signs up on Nebula.org"); *id*. ¶¶ 60, 88, 97.  Nebula's sign-up page links to Nebula's Terms of Use and Privacy Policy and requires a user to confirm that they "have read and agreed to Nebula Genomics's Terms of Use and Privacy Policy" in order to complete the sign-up process.  Ex. 19 at 1.  Exhibits 13-14 and 18 are Nebula's Terms of Use and Privacy Policies that were in effect during the time Plaintiff alleges she used Nebula (March 2021 through

3

July 2023).[1] Those policies and terms stated that Nebula collects information from users, including users' actions on the website and order history, and may share that information with third parties, including marketing and analytics service providers like Meta. For example, Nebula's Privacy Policy effective March 12, 2023 stated that Nebula collects "User Data," including "data collected from a user's interactions with [Nebula], such as order history," and "Genetic Data," which is "the data that [Nebula] collect[s] from users in order to provide the Services." Ex. 14 at 2. The Privacy Policy also stated that User Data could be shared with marketing and analytics service providers. *Id.* at 4 ("When you use or interact with our Services, we work with third parties who provide certain marketing and analytics services."); *see also* Ex. 18 at 11 (providing a link to Nebula's Privacy Policy for details on Nebula's privacy and security practices).

These documents are incorporated by reference because they are referenced in the Complaint, *see* Dkt. 1 ¶¶ 50, 60, 88, 97, and integral to Plaintiff's allegations that Nebula collected and shared with Meta her personal information without notice or consent, *see id.* ¶ 52 ("Nebula does not disclose to its users that it sends information to Meta, nor does it seek or obtain its users' consent to send such information to Meta"); *see also id*. ¶¶ 3, 6, 26, 105, 111, 121. In turn, these allegations form the core of Plaintiff's contention that Meta "accepted and retained the benefit bestowed upon [it] under inequitable and unjust circumstances." *Id.* ¶ 130. As such, these disclosures are central to the Complaint and Plaintiff's unjust enrichment claim against Meta to the extent that claim rests on allegations that it is inequitable for Meta to retain Plaintiff's information because it was obtained without her consent. *See Sanchez*, 2024 WL 2132426, at *2 (incorporating by reference Walmart's "Sustainability" policy webpage "linked on the back label

---

[1] Courts regularly incorporate by reference and consider on a motion to dismiss documents that are retrieved from Internet Archives. *See Arteaga v. United States*, 711 F.3d 828, 834 (7th Cir. 2013) (considering archived version of a webpage in affirming dismissal under Rule 12(b)(6)).

of the relevant products" because it was "relevant information that a consumer receives" and "central to plaintiff's claims" that Walmart's "sustainable" message on product labels was deceptive). Plaintiff may not avoid dismissal by selectively omitting portions of documents cited in her Complaint that undermine her case. *See Gannett*, 46 F.4th at 663.

### III. CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court consider Exhibit 1-19 in connection with Meta's Motion to Dismiss the Complaint.

Dated: January 7, 2025

Respectfully submitted,

/s/ *Gary Feinerman*
Gary Feinerman

Gary Feinerman (IL 6206906)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312-876-7700
gary.feinerman@lw.com

Melanie M. Blunschi (*pro hac vice*)
Catherine A. Rizzoni (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
melanie.blunschi@lw.com
cat.rizzoni@lw.com

*Attorneys for Defendant Meta Platforms, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 7, 2025, a true and accurate copy of the foregoing was electronically filed with the CM/ECF system of the United States District Court for the Northern District of Illinois, which sends notice to counsel of record via e-mail.

Dated: January 7, 2025

/s/ *Gary Feinerman*
Gary Feinerman

Gary Feinerman (IL 6206906)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312-876-7700
gary.feinerman@lw.com