**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTOINETTE PORTILLO, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>NEBULA GENOMICS, INC., a Delaware Corporation, META PLATFORMS, INC., a Delaware Corporation, MICROSOFT CORPORATION, a Washington Corporation, and GOOGLE LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. 24-cv-09894<br><br>Hon. Jeffrey I. Cummings |

# REPLY IN FURTHER SUPPORT OF MICROSOFT CORPORATION'S MOTION TO DISMISS

Raj N. Shah (ARDC #6244821)
Eric M. Roberts (ARDC #6306839)
Yan Grinblat (ARDC #6328805)
Zoe Levine (ARDC #6346013)
**DLA Piper LLP (US)**
444 W. Lake Street, Suite 900
Chicago, IL 60606
raj.shah@us.dlapiper.com
eric.roberts@us.dlapiper.com
yan.grinblat@us.dlapiper.com
zoe.levine@us.dlapiper.com

*Attorneys for Microsoft Corporation*

March 6, 2025

## Table of Contents


**Page**

I. Introduction ........ 1

II. Argument ........ 3

A. Plaintiff cannot expand GIPA's scope with an unjust enrichment claim. ........ 3

B. Plaintiff does not establish that Microsoft "mistakenly" received a benefit intended for Plaintiff, or that Plaintiff has a "better claim" to this benefit. ........ 5

C. Plaintiff cannot state an unjust enrichment claim because she does not allege that Microsoft was enriched by her genetic information. ........ 9

III. Conclusion ........ 11

## Table of Authorities

**Page(s)**

**Cases**

*Alioto v. Town of Lisbon*,
651 F.3d 715 (7th Cir. 2011) ....................3

*Asch v. Teller, Levit & Silvertrust, P.C.*,
2003 WL 22232801 (N.D. Ill. Sept. 26, 2003) ....................6, 7

*Bridges v. Blackstone Grp., Inc.*,
2022 WL 2643968 (S.D. Ill. July 8, 2022) ....................4

*Cook v. GameStop, Inc.*,
689 F. Supp. 3d 58 (W.D. Pa. 2023)....................10, 11

*Davis v. e.l.f. Cosmetics, Inc.*,
2024 WL 2722663 (N.D. Ill. May 28, 2024) ....................7

*Deyerler v. HireVue, Inc.*,
2024 WL 774833 (N.D. Ill. Feb. 26, 2024) ....................7

*Dwyer v. Am. Express Co.*,
273 Ill. App. 3d 742 (1st Dist. 1995) ....................7, 11

*Gilmore v. City of Mattoon*,
2019 IL App (4th) 18077 ....................3, 8

*Goodpaster v. City of Indianapolis*,
736 F.3d 1060 (7th Cir. 2013) ....................4

*Hogan v. Amazon.com, Inc.*,
2022 WL 952763 (N.D. Ill. Mar. 30, 2022)....................10, 11

*HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*,
131 Ill. 2d 145 (1989) ....................6

*Kinney v. St. Paul Mercury Ins. Co.*,
458 N.E.2d 79 (Ill. App. Ct. 1st Dist. 1983)....................2, 8

*Ramirez v. LexisNexis Risk Sols.*,
729 F. Supp. 3d 838 (N.D. Ill. 2024) ....................5, 7, 11

*Sotelo v. DirectRevenue, LLC*,
384 F. Supp. 2d 1219 (N.D. Ill. 2005) ....................2, 6, 8

**Page(s)**

*Soto v. Sky Union, LLC*,
159 F. Supp. 3d 871 (N.D. Ill. 2016) .......................................................................... 6

*Vill. of Rockton, IL v. Sonoco Prods. Co.*,
135 F. Supp. 3d 700 (N.D. Ill. 2015) .......................................................................... 10

**Statutes**

410 ILCS 513/1, *et seq.* (Illinois Genetic Information Privacy Act) ................................... *passim*

410 ILCS 513/30(a) ........................................................................................................ 4

410 ILCS 513/40 ............................................................................................................ 4

## I. INTRODUCTION

Plaintiff's opposition brief does not grapple with existing unjust enrichment law, which forecloses Plaintiff's claim against Microsoft. Instead, it argues for application of nonexistent "first principals [*sic*]" that do not provide a basis for Microsoft's liability. Plaintiff admits that: (i) unjust enrichment is not a standalone cause of action and requires an underlying cognizable claim; and (ii) the underlying claim on which she relies here is a GIPA violation asserted "against a different party," ***not Microsoft***. And she ignores that under settled Illinois law, to seek disgorgement of profits, Plaintiff must—but here cannot—allege that Microsoft mistakenly received a financial benefit from Nebula to her exclusion (*e.g.*, money was sent to the wrong party) or that she has a better claim to Microsoft's advertising revenues than Microsoft does.

Plaintiff attempts to sidestep these outcome-determinative deficiencies with ominous speculation about "tech behemoths," "targeted advertising," and "astronomical ad revenue." Opp. at 6-7, 13. But she does not plead any facts connecting these hypothetical fears to her experience. She does not dispute that Microsoft's software associates browsing sessions with "random, alphanumeric strings," which cannot identify individuals. She does not point to a single targeted advertisement she received based on her alleged genetic information, let alone tie it to Microsoft. And she does not plead that Microsoft received, much less profited from, ***her*** specific genetic information, ignoring Supreme Court precedent that a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Mot. at 14 (collecting cases).

Plaintiffs' attempt to invoke equity is unfounded because she does not claim that Microsoft did anything unlawful or improper. The sole basis for Plaintiff's claim appears to be that Microsoft provides website owners with ubiquitous and lawful software, which Plaintiffs admit Nebula—not Microsoft—"installed" and "programmed." Compl. ¶¶ 57-59. Moreover, Plaintiff has a potential

remedy: she is pursuing GIPA claims and seeking damages against Nebula for the alleged disclosure of her information. Her attempt to involve Microsoft is an obvious ploy to end-run GIPA and reach Microsoft, a stranger to any DNA testing Nebula allegedly did at Plaintiff's request.

The Court should grant Microsoft's motion to dismiss with prejudice because:

*First*, Plaintiff ignores—and thus concedes—Microsoft's argument that GIPA's remedies do not reach alleged data recipients (like Microsoft), and Plaintiff cannot circumvent the legislature's intent and expand GIPA with an unjust enrichment claim. *See* Mot. at 2, 9-10. Plaintiff admits that Microsoft did not violate GIPA or any other law, rule, or regulation. Rather, her claim against Microsoft is based solely on ***Nebula's*** alleged GIPA violation. *See* Opp. at 1, 9-11. She does not cite a single case permitting an unjust enrichment claim to proceed based on an underlying violation by a ***different party***. GIPA gives Plaintiff recourse against the sender of her genetic data; "[w]here the legislature has provided a remedy on a subject matter," a party may not "expand[] the legislative remedy by judicial decree." *Kinney v. St. Paul Mercury Ins. Co.*, 458 N.E.2d 79, 81 (Ill. App. Ct. 1st Dist. 1983). The Court should reject Plaintiff's invitation to rewrite GIPA.

*Second*, Plaintiff cannot recover Microsoft's alleged ***profits*** based on a red-herring claim that her ***genetic data*** (not any profit) was transferred to Microsoft by "mistake" or that she has a "better claim" to that genetic data (but not to any profit). Plaintiff alleges she seeks to "disgorge" the "proceeds" Microsoft purportedly received from targeted advertising. Compl. ¶ 134; *see* Opp. at 11 (seeking to "disgorge" "monetization"). Accordingly, she must plead that (i) Microsoft in fact received "proceeds" from targeted ad revenue based on ***her*** genetic information, and (ii) these "proceeds" were either transferred to Microsoft "by mistake" or Plaintiff has a better claim than Microsoft to the "proceeds" she seeks to "disgorge." *See Sotelo v. DirectRevenue, LLC*, 384 F. Supp. 2d 1219, 1234 (N.D. Ill. 2005) (dismissing unjust enrichment claim alleging misuse of plaintiff's private browsing information because plaintiff "failed to allege that he is entitled to the

advertising fees paid to" or "any increased revenues earned by" defendants based on that data). The opposition concedes that Plaintiff does not, and cannot, plead the required facts, or otherwise attempt to explain why Plaintiff can recover any of Microsoft's alleged profits.

*Third*, even if all that were otherwise, the claim would still fail because Plaintiff has not plausibly alleged the remaining elements of an unjust enrichment claim. *See* Opp. at 12-13. She does not identify what, if any, of ***her*** specific genetic information Microsoft received, much less that Microsoft derived a profit from any information of ***hers***. Without such allegations, Plaintiff cannot surmount Rule 8's pleading requirements.

The Court encouraged Plaintiff to amend her complaint in response to Defendants' motions to dismiss. *See* ECF No. 62. Plaintiff did not heed this advice, indicating that she cannot remedy her pleading defects. The Court should dismiss the claim against Microsoft with prejudice.

## II. ARGUMENT

### A. Plaintiff cannot expand GIPA's scope with an unjust enrichment claim.

In its moving brief, Microsoft showed that Plaintiff "impermissibly attempts to disguise a non-cognizable GIPA claim against Microsoft as an 'unjust enrichment' claim," and that Plaintiff's claim against Microsoft should fail because "GIPA does not impose liability on the party that allegedly receives" genetic information and a plaintiff may not "expand[]" this "legislative remedy by judicial decree." Mot. at 9-10 (quoting *Kinney*, 458 N.E.2d at 81, and collecting cases); *see also Gilmore v. City of Mattoon*, 2019 IL App (4th) 18077, ¶¶ 31-32 (no "derivative claim of unjust enrichment" where underlying statute did not grant plaintiffs a right of action).

Plaintiff's opposition offers no response to this argument or to Microsoft's case law. By "not responding to alleged deficiencies in a motion to dismiss" and "fail[ing] to develop arguments related to [this] issue," Plaintiff has conceded Microsoft's argument, and her claim against Microsoft should be dismissed on this basis. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir.

2011); *see Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) (plaintiff waived claims by "not respond[ing] to [defendant's] arguments") (collecting cases).

Rather than engage with existing authority, Plaintiff contends that "first principals [*sic*]" permit her claim to proceed because unjust enrichment is "a condition that may be brought about by unlawful or improper conduct as defined by law." Opp. at 8. Plaintiff does not explain why this definition of unjust enrichment supports her claim, and the "principal" she advocates for has no basis in Illinois law. No Illinois court has allowed a standalone unjust enrichment claim to proceed based on an underlying claim against a different party. Plaintiff cannot sustain a claim merely by asserting that she is not "aware of [any] case which expressly states that the cause of action upon which the unjust enrichment claim is based must be stated against the unjust enrichment defendant." *Id.* That Plaintiff has not identified any cases permitting such a claim shows that there is no basis for her novel expansion of unjust enrichment law.

Moreover, the Court should not accept Plaintiff's invitation to usurp the legislative function and re-write both GIPA and unjust enrichment law. Microsoft—the purported recipient of Plaintiff's genetic information—indisputably did not violate GIPA, which does not reach data recipients. *See* Mot. at 10; *Bridges v. Blackstone Grp., Inc.*, 2022 WL 2643968, at *2-3 (S.D. Ill. July 8, 2022). Plaintiff already seeks recourse from Nebula—the alleged disclosing party—under GIPA, and this claim provides her full relief. *See* 410 ILCS 513/30(a) & 513/40 (plaintiffs can recover the greater of "liquidated damages" or "actual damages" and "attorney's fees" from disclosing party). Indeed, that is how the Illinois Legislature designed GIPA to work.

Microsoft's moving brief detailed four other reasons why Plaintiff cannot show that Microsoft's conduct was unjust:

> The complaint contains no facts showing that Microsoft could identify Plaintiff, let alone that Microsoft in fact did so, Mot. at 6;

> Plaintiff does not plead that she was targeted with any advertisement based on her genetic information, or that Microsoft received any profits based on Plaintiff's information, *id.* at 14-15;
>
> Microsoft builds numerous privacy safeguards into UET and Clarity intended to prohibit users from sending "genetic data" and other sensitive personal data to Microsoft in violation of any laws, and does not sell UET or Clarity data to third parties, *id.* at 5-6; and
>
> Nebula's privacy policy discloses that Nebula shares users' personal information with third parties, *id.* at 10.

Plaintiff does not address, and therefore concedes, each of these arguments.

Because Microsoft did not engage in "unlawful or improper conduct as defined by law," and because GIPA provides Plaintiff full recourse for any disclosure of her genetic data against the party actually making the disclosure, Plaintiff's novel and unsupported "first principals" argument fails. The unjust enrichment claim against Microsoft should be dismissed. *See* Mot. at 9-10; *Ramirez v. LexisNexis Risk Sols.*, 729 F. Supp. 3d 838, 852-853 (N.D. Ill. 2024) (dismissing unjust enrichment claim where plaintiff did not allege that defendant procured the information in violation of any statute or common law).

**B. Plaintiff does not establish that Microsoft "mistakenly" received a benefit intended for Plaintiff, or that Plaintiff has a "better claim" to this benefit.**

Plaintiff incorrectly contends that her unjust enrichment claim against Microsoft is viable because Plaintiff's genetic information was a "benefit" that "should have been given to [Plaintiff], but [Nebula] mistakenly gave it to [Microsoft] instead" or, in the alternative, that Plaintiff "ha[s] a better claim to the benefit than [Microsoft]." Opp. at 9 (quoting *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145 (1989)). This argument fails on both the facts and the law.

First, as discussed in more detail below, Plaintiff does not plausibly plead that Nebula transmitted any of ***her*** specific genetic information to Microsoft. *See* pg. 9-10. Thus, Plaintiff's argument fails on inception.

Second, Plaintiff's argument does not match the recovery she seeks. The primary "benefit" that Plaintiff seeks is the profit Defendants supposedly derived from advertising based on Plaintiff's genetic information. *See, e.g.*, Compl. ¶ 134 (Defendants "should be compelled to disgorge . . . ***proceeds*** that they unjustly received from Nebula's unlawful disclosure of Plaintiff's . . . genetic information"); Opp. at 11 (Defendants "should be obligated to disgorge their ***monetization*** of" Plaintiff's genetic information) (all emphasis added). Accordingly, Plaintiff must plead that these proceeds—not her genetic information—were transferred to Microsoft by mistake or that she has a better claim to the proceeds than Microsoft does. *See Sotelo*, 384 F. Supp. 2d at 1234 (plaintiff must "allege that he is entitled to the advertising fees paid to [defendants], or to any increased revenues earned by" them); *Asch v. Teller, Levit & Silvertrust, P.C.*, 2003 WL 22232801, at *7 (N.D. Ill. Sept. 26, 2003) (plaintiff must allege she is "rightfully entitled to any fees paid to" defendant). Plaintiff does not, and cannot, do either.

Plaintiff does not allege that any proceeds were transferred to Microsoft by mistake, and so cannot recover any such proceeds. *See Asch*, 2003 WL 22232801, at *7 ("The court cannot conclude that the Illinois Supreme Court intended to create a claim for unjust enrichment where a plaintiff claims damages that rightfully belong to" another). Moreover, even if—as Plaintiff incorrectly suggests—the relevant benefit is her genetic information, *see* Opp. at 9, her claim would still fail. Plaintiff would need to allege that the information was transferred to Microsoft "***instead***" of her. *HPI*, 131 Ill. 2d at 161 (emphasis added). But Plaintiff admits that she received and accessed her Nebula test results. *See* Compl. ¶ 98. Even if any information was ***also*** transmitted to Microsoft, Plaintiff was not deprived of the benefit of that information, and she alleges no facts suggesting otherwise. *See Soto v. Sky Union, LLC*, 159 F. Supp. 3d 871, 884 (N.D. Ill. 2016) (dismissing unjust enrichment claim because "plaintiffs received precisely what they sought when they" paid for the services at issue and accordingly could not allege any detriment).

Plaintiff also does not allege that she has a better claim to any proceeds that Microsoft allegedly received by purportedly augmenting Plaintiff's advertising profile with her genetic information (putting aside her failure to plead that Microsoft in fact did so). This means she cannot recover any such proceeds based on a "better claim" argument either. *See Asch*, 2003 WL 22232801, at *7. Plaintiff attempts to distract by arguing that she has a better claim to the underlying genetic information. Again, this does not align with the disgorgement of proceeds that Plaintiff seeks. As Microsoft's moving brief showed, and Plaintiff does not dispute, any benefit that Microsoft allegedly received (which Microsoft does not admit) was due to Microsoft "creat[ing] value by categorizing and aggregating" the information rather than any value inherent to that information. *Dwyer v. Am. Express Co.*, 273 Ill. App. 3d 742, 749 (1st Dist. 1995); *see Ramirez*, 729 F. Supp. 3d at 852-853 (plaintiff was not entitled to disgorge "profits" from entity that "aggregate[d]" and sold plaintiff's personal information because any profits were not based on the "intrinsic value" of the information, but rather the value defendant "create[d]" by "categorizing and aggregating" it).

Plaintiff incorrectly contends that "none of Microsoft's cited cases arise from legislatively-protected private information," Opp. at 11, ignoring both *Ramirez* and *Dwyer*, which were discussed at length in Microsoft's moving brief, *see* Mot. at 11-13.[1] Numerous other cases come to the same conclusion. *See, e.g., Davis v. e.l.f. Cosmetics, Inc.*, 2024 WL 2722663, at *8 n.4 (N.D. Ill. May 28, 2024) (dismissing claim where "the complaint does not allege that Defendant ever used Plaintiffs' biometric data in a commercial transaction with a third party"); *Deyerler v. HireVue, Inc.*, 2024 WL 774833, at *7 (N.D. Ill. Feb. 26, 2024) ("Because the first amended

[1] Plaintiff does not, and cannot, distinguish *Dwyer*. And her discussion of *Ramirez* does not engage with Microsoft's argument. *See* Opp. at 8 (incorrectly contending that the unjust enrichment claim in *Ramirez* was only dismissed because the court dismissed "every other claim in the complaint").

complaint does not allege that HireVue profited directly from the collection of biometric data or explain how the plaintiffs were individually harmed by this activity, the Court grants HireVue's motion to dismiss as to this claim.").

In addition to these cases, *Sotelo* is directly on point. In that case, the plaintiff alleged that one defendant improperly installed advertising software on his computer and other defendants impermissibly benefitted by receiving his private browsing data, sending him targeted advertising, and receiving fees for that advertising. 384 F. Supp. 2d at 1234. The court dismissed the plaintiff's unjust enrichment claim because the plaintiff "failed to allege that he is entitled to the advertising fees paid to" or "any increased revenues earned by" the defendants, "that he paid any money to any of the defendants," or "that he purchased anything from defendants, or as a result of the advertisements" he received based on his personal browsing information. *Id.* Plaintiff's allegations here suffer the same flaws, and so she cannot state a claim based on either the "mistake" or the "better claim" prongs of the *HPI* test. *Id.*; *see* Mot. at 11-13 (collecting cases).

Third, Plaintiff's contention that her genetic information "has value because it is inherently private," Opp. at 11, is another red herring. Plaintiff does not bring any statutory or common-law privacy claims against Microsoft. And she cannot use unjust enrichment theories to protect her allegedly "private" data without allegations that Microsoft—not a third party—violated such a right. *See Kinney*, 458 N.E.2d at 81; *Gilmore*, 2019 IL App (4th) 18077, ¶¶ 31-32. Plaintiff does not—and cannot—allege that Microsoft did so. Plaintiff also offers the self-defeating argument that "the Illinois Legislature has deemed that genetic information [has] value that is worth protecting." Opp. at 10-11 & n.3. There is no right of action under the statute against recipients of such information; instead, the legislature provided full recourse to plaintiffs against the disclosing party, which is best-positioned to prevent unauthorized transmission and to fully compensate individuals for the "value" associated with any such disclosure.

### C. Plaintiff cannot state an unjust enrichment claim because she does not allege that Microsoft was enriched by her genetic information.

Plaintiff's unjust enrichment claim separately fails because she cannot allege that Microsoft retained any benefit based on her genetic information, or that any such benefit was to Plaintiff's detriment. *See* Opp. at 12.

As an initial matter, Plaintiff does not plausibly establish that Microsoft even received her genetic data. She claims, without citation, that the complaint "describes in great detail how Plaintiff's . . . genetic information is transmitted . . . to the Moving Defendants." Opp. at 12. The lack of citation is telling because no such allegations exist: the complaint does not plead, and the opposition does not identify, any ***specific*** genetic information of Plaintiff's that was purportedly transmitted to Microsoft. Nor could Plaintiff so allege.

For UET, Plaintiff generally alleges that Nebula transmits that a DNA test kit was "registered" and "purchased." Compl. ¶¶ 60-61. But as an initial matter, while Plaintiff argues that the use of a genetic test is GIPA-protected information, *see* Opp. at 10, nothing indicates that the mere purchase or registration of a "kit" is similarly covered. Separately, as Microsoft's moving brief showed, and Plaintiff does not dispute, there are no allegations that Microsoft could connect that test kit to the identity of its purchaser or the identity of its user (which very well might be different), much less that Microsoft actually did so. *See* Mot. at 14-15.

For Clarity, Plaintiff similarly alleges that Nebula transmits unspecified "genetic information" "every time a Nebula user generates a report" on Nebula's website. Opp. at 4. Under Plaintiff's own theory, Nebula (i) only transmits this information through Clarity ***if*** a user generates a report on the Nebula website, and (ii) transmits different information depending on what links and pages on the Nebula website a user clicks. *See* Compl. ¶¶ 74-75 (alleging that Clarity only receives certain information to the extent Nebula users access specific web pages and reports on

Nebula's website). Again, Plaintiff does not identify any specific pages she visited, links she clicked, or reports she generated. While she cryptically alleges that at some unspecified time, she "requested a report" from Nebula, she does not allege what information that report contained. Moreover, as with her allegations about UET, Plaintiff does not dispute that Clarity associates browsing sessions with "random, alphanumeric strings," which cannot be used to identify the individual. Mot. at 14-15.

Most fundamentally, Plaintiff does not allege that Microsoft profited from her genetic information. The complaint contains generic assertions regarding online advertising and target marketing, *see* Compl. ¶¶ 91-96, and conjecture that "the inclusion of genetic information adds incredible value to the ads sold by Meta, Microsoft, and Google, and helps those Defendants achieve . . . astronomical ad revenue," *id.* ¶ 96. But Plaintiff does not tie these allegations to ***her*** specific experience or data. As Microsoft showed, and the opposition does not dispute, Plaintiff does not allege that she saw any targeted advertisements based on ***her*** genetic data. *See* Mot. at 5-6. She does not allege that Microsoft sold any such information to third parties (nor could she, since Microsoft indisputably does not do so). *See id.* at 6, 15. And she does not plead any increase to Microsoft's alleged profits based on the inclusion of her genetic information in her advertising profile, much less try to quantify any such increase (and indeed no such allegations are possible). *See id.* at 14-15.

Without such allegations, Plaintiff cannot plead a plausible right to relief. *See Hogan v. Amazon.com, Inc.*, 2022 WL 952763, at *8 (N.D. Ill. Mar. 30, 2022) (dismissing claim that was "too attenuated" where plaintiffs failed to "allege that retention of [their] data specifically enriched Amazon"); *Vill. of Rockton, IL v. Sonoco Prods. Co.*, 135 F. Supp. 3d 700, 711 (N.D. Ill. 2015) (dismissing conclusory unjust enrichment allegations); *Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 69 (W.D. Pa. 2023) (dismissing claim against Microsoft because allegations "lack[ed] critical

necessary details for the Court's analysis of the type of information allegedly captured by" Clarity based on plaintiff's browsing sessions).[2]

Finally, any benefit to Microsoft was not to Plaintiff's detriment. The only detriment Plaintiff identifies is Microsoft's "retention of data of her genetic information." Opp. at 12. But "categorizing and aggregating" Plaintiff's data—which is what Plaintiff alleges Microsoft did—does not "deprive" Plaintiff "of any value" of her genetic information. *Dwyer*, 273 Ill. App. 3d at 749; *see Ramirez*, 729 F. Supp. 3d at 852-853 (entity that "aggregate[d]" and sold individuals' private information did not "deprive the [plaintiffs] of any value of their information."); *see generally* Mot. at 13. Here, like in *Dwyer* and *Ramirez*, Plaintiff pleads that Microsoft's alleged profits are tied to its ability to aggregate data and compile granular advertising profiles—e.g., through Microsoft's labor and not any inherent value in the underlying information. Through GIPA, the Illinois legislature provided Plaintiff a cause of action against the alleged discloser of her genetic data, which addresses the purported "detriment" she suffered. Since the law gives Plaintiff full relief against the alleged disclosing party, the Court should dismiss the unjust enrichment claim against Microsoft with prejudice for this additional reason.

## III. CONCLUSION

For the reasons stated here and in Microsoft's opening brief, the claim against Microsoft should be dismissed with prejudice.

---

[2] Plaintiff does not even attempt to address or distinguish *Cook* and *Village of Rockton*, which Microsoft cited. And her discussion of *Hogan* supports Microsoft's argument for dismissal. Plaintiff contends that, in *Hogan*, "the claim was dismissed because the plaintiffs did not allege how their specific facial images added value to the defendant's facial recognition training program." Opp. at 13. The complaint in this case suffers from the same fatal defect. Plaintiff merely hypothesizes about how Microsoft could profit from genetic information generally, but does not allege that Microsoft actually profited from her specific genetic data.

Dated: March 6, 2025

Respectfully submitted,

**Microsoft Corporation**

By: *_/s/ Raj N. Shah_*
One of its attorneys

Raj N. Shah (ARDC #6244821)
Eric M. Roberts (ARDC #6306839)
Yan Grinblat (ARDC #6328805)
Zoe Levine (ARDC #6346013)
**DLA Piper LLP (US)**
444 W. Lake Street, Suite 900
Chicago, IL 60606
raj.shah@us.dlapiper.com
eric.roberts@us.dlapiper.com
yan.grinblat@us.dlapiper.com
zoe.levine@us.dlapiper.com